## RUECKERT v SHAKER HEIGHTS (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15940. Decided May 31, 1937

Krueger, Gorman & Davis, Cleveland, for plaintiff-appellee.

Thompson, Hine & Flory, Cleveland, and Ralph C. Jones, Cleveland, for defendant-appellant.

MONTGOMERY, PJ, and SHERICK, J, (5th Dist) and HORNBECK, J, (2nd Dist) sitting by designation.

### OPINION

By MONTGOMERY, PJ.

An appeal was perfected in this court from the judgment of the Common Pleas Court awarding damages against the city

of Shaker Heights for the alleged wrongful death of plaintiff's decedent. The undisputed evidence is that at the time of the injury which resulted in decedent's death, he and two other men were riding in an automobile driven by one of the others, in the night season, in an easterly direction; that the automobile came in contact with a certain traffic barrier erected and maintained in the center of the intersection of Warrensville Center Road and South Woodland Road.

But two questions are presented, to-wit: did the maintenance of this traffic barrier constitute a nuisance, and was the maintenance of this barrier the proximate cause of the accident which resulted in the death of .Reuckert? The undisputed evidence is that this barrier had a concrete stanchion or base twenty-nine inches in height; that it was rectangular in form, approximately three feet in diameter at the base and two and a half feet at the top. Upon said base was erected a metal standard for traffic or signal lights. there being three lights, the lowest of which was 7½ feet above the ground and the highest of which was eight feet, seven inches above the ground. It further appears that at the bottom of the signal light there was a glass flange about eight inches in diameter within which was a light bulb which deflected downward some light upon the. concrete base. At this point of intersection each of the roads is 135 feet in width and each is paved the whole width. The evidence is clear that the signal lights were in operation; that the existence of this structure was familiar to the decedent and both of his companions in that all of them at different times had driven automobiles or ridden in the same past or across this intersection.

The evidence is further to the effect that the purpose of this construction was to make it safer for drivers of automobiles to cross or turn at the point of intersection of these streets.

The appellee relies upon §3714 GC which is in the following language:

"Municipal corporations shall have special power to regulate the use of the streets. to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts. within the corporation, and shall cause them to be kept open, in repair and free from nuisance."

This section has been many times construed by the courts of Ohio, and the members of this court have had occasion to construe it, and because of their familiarity with this section, having had before them at different times the construction of the statute, and having had before them situations somewhat similar to the situation in the instant case, it is not deemed necessary to enter into so full a discussion of the law as might otherwise be essential.

The rule is stated by the Supreme Court in the case of City of Cincinnati v Fleischer, Admr., 63 Oh St 229. Judge Schauck in the opening paragraph of his opinion, as it appears on page 234, construing the section of the Revised Statutes, the forerunner of the present section of the code, said:

"The duty of municipalities with respect to streets and sidewalks is imposed by §2640 of the Revised Statutes. It is to 'cause them to be kept open and in repair and free from nuisance.' They are required to maintain such portions of them as are designed for the use of vehicles and pedestrians in a condition of reasonable safety for such use. They are not required to exercise such extraordinary care as will absolutely prevent the occurrence of accident nor to prohibit such usual erections in proper portions of the streets as public convenience requires."

The Supreme Court, in the case of City of Cleveland v Gustafson, 124 Oh St 607, at page 612, said:

"It certainly is not an abuse of power for council to reasonably obstruct the highway if it is necessary so to do to make it safe."

The majority of this court, as now constituted, had occasion to pass upon §3714, GC, in deciding the case of Martin v City of Canton, 41 Oh Ap 420 (11 Abs 560). On pages 425 and 426 of the opinion we said:

"In the first place it may be stated that all obstacles found in a public thoroughfare are not nuisances; many such serve some useful purpose, such as hydrants, po`es, trees and street lights. Such was the holding of our Supreme Court ·in the Village of Barnesville v Ward, 85 Oh St 1, 96 NE 937, 40 L.R.A. (N.S.) 94, Ann. Cas. 1912 D. 1234. Hence it must follow that situations will develop in which a court will be called upon to determine preliminarily if an ob-

struction in a street is a nuisance; and if such is not a nuisance, as contemplated by our law, the matter should end."

Again, in the case of **Beal v Erie Railroad, 51 Oh Ap 397,** the majority of this court as now constituted, held that a railroad company erecting across a highway, an overhead bridge, which bridge as constructed had a center pier four feet in width with a lane on each side of the pier 18 feet in width, was not negligent in so constructing the bridge with the pier so located, and was under no obligation to keep the pier lighted to warn approaching travellers. Of course that construction was in the country and was not controlled by §3714 GC but the principle is basically the same. In the course of the opinion in the Beal case we took occasion to consider and distinguish various cases upon which counsel in the instant case now rely. The Supreme Court overruled a motion to certify the case.

It is the judgment of this court that this standard so constructed and maintained was not a nuisance, and that ██ there was no liability imposed upon the City of Shaker Heights by virtue of its construction, requiring it to respond in damages in the instant case, and as we stated in the case of Martin v City of Canton, supra, the court may be called upon to determine if an obstruction in a street is a nuisance, and if it is not a nuisance, to end the matter. Such we consider to be our duty in the instant case and such must be our conclusion.

The erection and maintenance of this standard was not the proximate cause of the death of decedent. The proximate cause was the conduct of the driver of the automobile in which he was riding. As testified to by the other occupant of the automobile, the driver "was driving up the center of the street, and he ran directly into the stanchion. Now had he been paying attention to his driving, or had he known about the stanchion, he would not have run into it." And again this witness testified with reference to the driver of the automobile, that he drove "without turning said automobile on to the right hand side of said road or slowing the same down, upon approaching said barrier and without looking or observing where he was driving said automobile."

In other words, the proximate cause of the death of this decedent was the failure of the driver of the automobile to comply with §12603 GC which makes it unlawful for a driver to operate an automobile at a speed which will prevent him from stopping it within the assured clear distance ahead. In this connection we take the liberty again of referring to our opinion in the case of Beal v Erie Railroad Co., supra, as found on pages 402, 403 and 404, and to the discussion in which we there engage of the two cases of **Skinner v Penn, Railroad Co., 127 Oh St 69 and Gumley, Admr. v Cowman, 129 Oh St 36.**

It follows that the judgment of the Common Pleas Court will be reversed and final judgment will be entered for appellant.

SHERICK and HORNBECK, JJ, concur.