Matthias, J.
 

 The primary question presented by this record is whether the court properly overruled the motion for a directed verdict and later the motion for judgment
 
 non obstante veredicto
 
 on the ground that as a matter of law the condition complained of did not constitute a nuisance and there was, therefore, no issue to be submitted to the jury for its determination.
 

 . There is little or no dispute of fact respecting the physical conditions involved. It should be borne in mind that the automobile in which plaintiff was riding was traveling east, its right, therefore, being on the south side of the.street. The bridge in question had a vehicular traffic width of 19 feet. On the south side of the bridge is a pedestrian lane or walk approximately 6 feet in width. A concrete pilaster or header 3 feet, 5 inches wide and 4 feet, 7 inches high separated the vehicular and pedestrian traffic lanes.
 
 *243
 
 'The approach at the western end of the bridge was 36 feet wide, being 17 feet wider than the vehicular traffic lane of the bridge. The concrete pilaster or header stood out in the street about 8% feet from the south curb and was, therefore, approximately in the middle of the traffic lane of those traveling in an easterly direction.
 

 On either side of the street were curbs six inches high which were not drawn in to the bridge but extended the full width of the street. There were two ■signs on the right side of the approach, one “Narrow Bridge,” the other “Slow — 15 Miles — Uneven R. R. Tracks,” and a reflector on each of the two headers of the bridge at either side of the vehicular driveway. There were street lights in line with the concrete header, one of which was about 31 feet east and another some distance west of the bridge. There was evidence tending to show that this line of street lights extending for some distance east of the bridge near the curb line of the street indicated a continuation of the full width of the street without obstruction.
 

 Evidence was adduced showing that the bridge headers were dark gray in color and at the time of the accident a very heavy snow was falling, which had the effect of limiting the light rays from the headlights of the automobile to about 20 feet. The automobile was traveling 15 to 20 miles per hour. There was evidence, also, tending to show that the signs and reflectors were hidden by snow, and neither the driver nor passenger saw the bridge header before colliding with it. Plaintiff, seated in the rear seat, sustained • substantial physical injury.
 

 Prior to the widening of the street, which was in the fall of 1938, it was approximately 19 feet in width. It was opened to traffic on November 25, 1938. Neither the driver of the car nor the plaintiff had travelled over the street subsequent to its being wid
 
 *244
 
 ened until the time of the accident, which was December 26, 1938.
 

 The nuisance complained of is not the bridge as erected or the conditions existing at the time of its erection. For the purpose of this case, the facts with reference to the original construction of the bridge itself are immaterial. The conditions which it is contended constituted the nuisance were created by the action of the city when its street was made wider, which had the effect of placing the large concrete pilaster or header practically in the middle of the easterly travelled portion of the street.
 

 It is unnecessary to discuss or consider any situation involving the construction of a viaduct with roadways divided by a pillar or any bridge or viaduct construction by public authorities with court approval instanced by citations of counsel. This is not a case where east and west traffic lanes are separated by a girder. This case, .on the contrary, presents a situation where there was a substantial obstruction in the travelled portion of the street — not’ actually placed there by the city, but which the evidence tends to show became an obstruction such as materially and effectually to impede public travel as a result of the widening of the street.
 

 The provisions of Section 3714, General Code, making it the duty of a municipality to keep its streets open, in repair and free from nuisance apply where there is a permitted maintenance of any structure or continued condition which renders travel thereon dangerous, no matter by whom the structure was erected or condition created. A municipality is liable for injuries which are a direct and proximate result of the maintenance of that condition for such time that it should have acquired knowledge thereof and had a reasonable time thereafter to remedy the same.
 
 City of Youngstown
 
 v.
 
 Sturgess,
 
 102 Ohio St., 480, 132 N. E., 17;
 
 Yackee, Admx.,
 
 v.
 
 Village of Napoleon,
 
 135
 
 *245
 
 Ohio St., 344, 21 N. E. (2d), 111, and cases there cited.
 

 Under the facts shown by the record in this case,, the trial court properly rejected the motion to direct a verdict and the subsequent motion for judgment
 
 non obstante veredicto.
 
 The question of whether such condition constituted a nuisance became one essentially for the jury under proper instructions of the court.
 

 It is urged that the court committed prejudicial error in refusing to give certain instructions requested prior to argument and also in giving some instructions-incorporated in the general charge. It is deemed unnecessary to set out the three special instructions rejected which directed attention to the duty of the driver of the automobile. It is only necessary to state that each such requested instruction peremptorily directed a verdict for the defendant if the jury found. the driver “violated said duty,” thereby not only-taking from the jury the question of whether the asserted negligence of the driver was the proximate cause of the injury, but also wrongfully imputing such negligence of the driver to the passenger.
 

 The fourth requested instruction which was rejected charged that “the defendant cannot be held liable for the erection and the structural condition of the bridge. ’ ’
 

 For reasons heretofore stated, it is obvious that such instruction would have been erroneous.
 

 We find no error prejudicial to the defendant in the general charge.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.