FISHER ET AL., APPELLANTS, *v.* CITY OF WOOSTER, APPELLEE.

(No. 1770—Decided February 10, 1982.)

*Mr. David L. Winner,* for appellants.
*Mr. Richard R. Strong,* for appellee.

MAHONEY, P.J. Plaintiffs-appellants appeal the trial court judgment granting defendant-appellee's motion for summary judgment on grounds of governmental immunity. We affirm.

Facts

On March 8, 1980, appellants' automobile collided with an emergency vehicle, owned by the city of Wooster and

operated by its fire department, at the intersection of Larwill and Market Streets. Susan Fisher, who operated appellants' vehicle, had proceeded on Larwill into the intersection with the green mode of the traffic light in her favor. This traffic light was equipped with a fire preemption relay mechanism which could cause the Larwill signal to change to the red mode when the fire department answered an emergency call.

Appellee's answers to the appellants' interrogatories admit that the relay mechanism was not working on March 8, 1980. However, the answer to Interrogatory No. 8 also states that the traffic light itself was properly functioning on the day in question. Appellants sued alleging negligence in the operation of the fire department vehicle and that the city created a public nuisance by failing to repair the relay mechanism, for which it is liable pursuant to R.C. 723.01. Without stating reasons, the trial court granted the city's motion for summary judgment. Civ. R. 52.

## Assignment of Error

"The trial court erred as a matter of law in granting summary judgment in favor of the defendant and against plaintiffs."

A municipality is obligated to keep its streets open, in repair and free from nuisance pursuant to R.C. 723.01. As regards streets, a city is liable for creating a nuisance where the condition in question renders the street unsafe for usual and ordinary modes of travel. *Lovick* v. *Marion* (1975), 43 Ohio St. 2d 171 [72 O.O.2d 95]; and *Fankhauser* v. *Mansfield* (1969), 19 Ohio St. 2d 102 [48 O.O.2d 103]. *Fankhauser, supra,* held that a petition alleging a failure to repair a malfunctioning traffic signal, which caused an automobile accident, states a cause of action under R.C. 723.01 against the municipality for maintaining a nuisance. Appellants argue that the principle of *Fankhauser* applies equally to a failure to repair a non-functioning preemptive relay mechanism. They assert that the relay system is part and parcel of the traffic signal and thus, subject to the mandates of R.C. 723.01.

We are not persuaded by appellants' contentions. R.C. 723.01 is to be strictly construed against finding a municipality liable. *Lovick, supra,* at 173 and cases cited therein. Therefore, we are not willing to conclude that the failure to repair a defective fire preemption relay mechanism on a traffic light under the circumstances of this case amounts to maintenance of a nuisance such as to render a municipality liable under R.C. 723.01.

Moreover, we believe it is significant that the traffic light at the intersection of Larwill and Market was functioning properly for normal travel on this road. There is no requirement that a city maintain a preemptive relay on its traffic signals. Appellants were placed in no more dangerous a situation than if the Wooster traffic signal had not been equipped with a relay mechanism. Consequently, the facts of this case are not analogous to the "dangerous condition" circumstances of *Fankhauser, supra,* and cannot constitute a nuisance for which Wooster would be liable under R.C. 723.01. Wooster is also immune from liability for any negligent operation of emergency vehicles on account of R.C. 701.02. Accordingly, the trial court properly granted appellee's motion for summary judgment.

## Summary

We overrule appellants' assignment of error and affirm the trial court judgment.

*Judgment affirmed.*

BELL and QUILLIN, JJ., concur.