RODGERS, Appellant,

v.

**DeRUE et al.; Village of South Russell et al., Appellees.**

[Cite as *Rodgers v. DeRue* (1991), 75 Ohio App.3d 200.]

Court of Appeals of Ohio,
Geauga County.

No. 91–G–1633.

Decided Dec. 23, 1991.

*Gerald R. Walton* and *Ford L. Noble,* for appellant.

*Jay Hollingsworth,* for appellees.

JOSEPH E. MAHONEY, Judge.

Plaintiff-appellant, Louis W. Rodgers, appeals from the judgment of the trial court granting summary judgment to defendants-appellees, village of South Russell and Patrolman David Ferrell.

On December 6, 1988 at approximately 1:00 a.m., appellant was a passenger in an automobile driven by defendant, Robert C. DeRue, who was being pursued in a high-speed chase by appellee Ferrell, a police officer employed by South Russell. Officer Ferrell observed DeRue's vehicle, which had Florida license plates, travelling down the center of Route 422 at a high rate of speed. In order to avoid a head-on collision, Officer Ferrell drove his police car off the road, turned around, activated the emergency lights and siren, and began pursuing the DeRue vehicle, which he clocked at eighty miles per hour. At all times, Officer Ferrell was in radio contact with his department, notifying them of the pursuit and requesting assistance from other departments. He also notified his department that he was pursuing the suspect outside the village limits.

The chase continued over deserted rural roads for 15.6 miles through several communities in Geauga County and into Portage County. The roads were dry and there was no other traffic on the road. The pursuit ended when DeRue lost control of his vehicle and crashed into an embankment. Appellant was injured in the crash.

On June 22, 1989, appellant filed a complaint against DeRue, his father, and the appellees, Ferrell and South Russell, under the doctrine of *respondeat superior.* Appellant alleged, in pertinent part, that Officer Ferrell was negligent in engaging in a high-speed chase and that the combined negligent, careless, deliberate and wanton acts of the defendants were the sole and proximate cause of his injuries.

On March 21, 1991, the trial court granted the motion for summary judgment of appellees, South Russell and Ferrell, based on the principle of sovereign immunity, and found that there was no just reason for delay. Appellant's claim against the driver of the vehicle, Robert C. DeRue, and his father, Robert G. DeRue, is still pending in the Geauga County Common Pleas Court.

Appellant has filed a timely appeal and now presents the following assignment of error:

"The trial court erred in granting defendants-appellees' motion for summary judgment because of the existence of genuine issues of material fact as to two (2) issues: (1) whether the actions of defendants' appellees' constituted willful and wanton misconduct, and (2) whether defendant-appellee was responding to an emergency call."

Under Civ.R. 56(C), summary judgment shall not be rendered unless there are no genuine issues as to any material fact and reasonable minds can come to but one conclusion which is adverse to the party against whom the motion is made. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273. Thus, summary judgment will be upheld where, construing the evidence in favor of the nonmoving party, the record discloses no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

The trial court granted appellees' motion for summary judgment based on sovereign immunity. R.C. 2744.02(B)(1)(a) provides a full defense to the liability of a political subdivision where a member of a municipal police department operates a motor vehicle while responding to an emergency call and the operation of such vehicle did not constitute willful or wanton misconduct. Thus, where the police officer negligently injures an individual while the officer is operating a motor vehicle during an emergency, sovereign immunity applies. If, however, the officer operates the vehicle in a wanton or willful manner, then immunity does not apply. See *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063.

Furthermore, under R.C. 2744.03(A)(6)(b), political subdivisions and their employees are granted immunity for injuries caused by any act or omission in connection with a governmental or proprietary function except where the employee's acts or omissions were manifestly outside the scope of his employment or official responsibilities; or were with malicious purpose, bad faith, or in a wanton or reckless manner; or where liability is expressly imposed by a section of the Ohio Revised Code.

Appellant contends the trial court erred in granting summary judgment to appellees because reasonable minds could reach different conclusions whether Officer Ferrell was responding to an emergency call and/or whether Officer Ferrell's actions in operating his vehicle during the chase constituted willful or wanton misconduct.

In support of his argument that reasonable minds could differ on whether Officer Ferrell was responding to an emergency call, appellant cites

*Lingo v. Hoekstra* (1964), 176 Ohio St. 417, 27 O.O.2d 384, 200 N.E.2d 325, and *Maxey v. Lenigar* (1984), 14 Ohio App.3d 458, 14 OBR 578, 471 N.E.2d 1388. Both of these cases construed the former immunity statute, R.C. 701.02, and are distinguishable on their facts.

R.C. 701.02 has been superseded by R.C. Chapter 2744, effective November 20, 1985. R.C. 2744.01 defines "emergency call" as:

" * * * a call to duty including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer."

The evidence is uncontroverted that Officer Ferrell personally observed defendant DeRue's vehicle dangerously speeding down the center of the road and that such action created a dangerous situation which required an immediate response by Officer Ferrell. Thus, on its face, Officer Ferrell's pursuit of defendant DeRue's vehicle constituted an "emergency" as defined by R.C. 2744.01. Although R.C. 2744.01 does not require the police officer to operate his siren and overhead lights, *Horton v. Dayton* (1988), 53 Ohio App.3d 68, 558 N.E.2d 79, it is undisputed that Officer Ferrell operated his siren and overhead light. This supports an inference that he was responding to an "emergency call." *Id.*

Appellant has failed to carry his burden of rebuttal to supply evidentiary material in support of his position that Officer Ferrell was not responding to an "emergency call," as required under Civ.R. 56(E). Appellant has presented no evidence that contradicts the officer's version of the events that transpired. Thus, we conclude as a matter of law that reasonable minds could only conclude that Officer Ferrell was responding to an "emergency call."

■ Next, appellant argues that, even if Officer Ferrell was responding to an "emergency call," there remained a genuine issue of material fact as to whether his actions constituted "willful or wanton misconduct."

Appellant relies on *Reynolds v. Oakwood* (1987), 38 Ohio App.3d 125, 528 N.E.2d 578, where the court reversed the trial court's granting of a directed verdict for the city.

In *Reynolds*, the court explained:

"The term 'willful and wanton misconduct' connotes behavior demonstrating a deliberate or reckless disregard for the safety of others, but because the line between such misconduct and ordinary negligence is sometimes a fine one depending on the particular facts of a case, it is generally recognized that such issue is for the jury to decide. * * * The issue should not be withheld

from the jury where reasonable minds might differ as to the import of the evidence. * * * " *Id.* at 127, 528 N.E.2d at 582.

The officer in *Reynolds*, who was inexperienced and untrained in emergency driving procedures, was speeding in excess of seventy miles per hour in a twenty-five mile per hour zone on a residential street lined with trees, which limited the visibility of approaching vehicles and the audibility of the siren. Furthermore, the officer admitted that he made no effort to slow down, although he saw the traffic light from two blocks away. At the time of the accident, the officer was twenty-two years old and had been on the police force for two months, having received only two months of training. Based on these facts, the *Reynolds* court found that "[u]nder the totality of the circumstances, including the candid admissions of Patrolman Pigman, a finding of willful or wanton misconduct was a real possibility." *Id.* at 127, 528 N.E.2d at 582.

The facts *sub judice* are clearly distinguishable from those in *Reynolds*. Unlike the officer in *Reynolds*, Officer Ferrell was experienced and trained. The evidentiary materials submitted in support of appellees' motion for summary judgment establish that Officer Ferrell at all times drove defensively over the nearly deserted rural roads, slowed to a stop at all controlled intersections, and remained one-fourth to one-half a mile behind the pursued vehicle in order to maintain visual contact with the vehicle until assistance could arrive. Officer Ferrell had his siren and emergency lights on and never attempted to overtake the vehicle or run it off the road.

Once again, appellant failed to rebut this evidence as required under Civ.R. 56(E). In rebuttal, appellant presented the affidavit of James R. Tanner, who measured the distance of the chase route and determined it to be 15.6 miles, and a "Departmental Directive of the Village of South Russell," which set forth some guidelines on pursuits, emergency runs and road blocks. In addition, appellant submitted excerpts of a deposition which is not identified or accompanied by a court reporter's affidavit and is not otherwise sworn or certified. Therefore, the excerpts are not properly admissible under Civ.R. 56(C) or Civ.R. 56(E). Moreover, nothing in them contradicts appellees' arguments.

Appellant contends that reasonable minds could differ on whether Officer Ferrell's action constituted "willful or wanton misconduct," since Officer Ferrell continued his pursuit for fifteen miles in contradiction of the departmental directive which advised in relevant part:

"Before beginning a pursuit give every consideration to the following: "'* * *

"8. Since we are in a rural area, it is possible to cover a long distance in a short period of time. If after covering ten to twelve miles you are not making progress, abandon the pursuit and hope that somebody else makes the stop for you.

"This is a 'common sense approach' and should suffice for the present and foreseeable future."

We disagree. Whether Officer Ferrell violated some internal departmental procedure is irrelevant to the issue before us. Considering the totality of the evidentiary materials, we find that there is no evidence that Officer Ferrell acted in deliberate or reckless disregard for the safety of others. Thus, as a matter of law, there is no material issue of fact regarding whether Officer Ferrell's conduct constituted "willful or wanton misconduct" under the totality of the circumstances.

Accordingly, appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.