OPINION
Plaintiffs-Appellants Bobby Cutts and Renee Horne appeal the Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees the City of Canton, Canton Police Department, John Doe's 1-3, Police Sergeant Grant Pressley, Jr., individually and officially.
 STATEMENT OF THE FACTS AND CASE
Officer Pressley of the City of Canton Police Department gave a presentation on gangs in October of 1996, to the teachers and administrators at Souers and Crenshaw Junior High Schools. This presentation was made as part of Pressley's duties as the Officer in charge of the Juvenile Bureau and Gang Coordinator.
During the presentation, Pressley provided the participants with a sheet containing twelve true or false questions and a group of photographs selected by Pressley from yearbooks published by GlenOak and McKinley High Schools. The last photograph appearing on the page was a picture of appellant. Pressley asked the participants in the seminar to identify which of the individuals pictured looked like a gang member.
The photographs were not identified in the handout, nor did Pressley at any time identify the photographs by name. Furthermore, Pressley did not identify any of the persons pictured as gang members and stated that to his knowledge none of them were involved in gang activity. Pressley did not collect the handouts at the end of the presentation.
After a few days, the handout allegedly appeared at Canton Centre Mall, local convenience stores, and a local gas station. Two pictured students contacted local papers who interviewed them and published stories concerning the matter. Shortly thereafter, several news stations contacted Cutts' school to set up interviews with him concerning the matter. Cutts was interviewed by one news station. Cutts also utilized the photographs in a communications class at Walsh College in reference to libel and slander in publications. Cutts claims that as a result of the publicity given to these photographs, he was subjected to ridicule and embarrassment by individuals in his neighborhood and the surrounding area.
As a result of these events, Cutts et al. filed suit against the City of Canton alleging invasion of privacy, defamation, false light, invasion of privacy, and infliction of emotional distress. On October 1, 1997, appellees filed a motion for summary judgment which was granted on October 30, 1997.
It is from the October 30, 1997 summary judgment that appellants prosecute this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE, CITY OF CANTON'S, MOTION FOR SUMMARY Judgment ON ALL CLAIMS PURSUANT TO O.R.C. 2744 WHEN O.R.C. 2744.09(E) REMOVES THIS CHAPTER FROM APPLYING TO FEDERAL SECTION 1983 CLAIMS.
 II. THE TRIAL COURT ERRED WHEN IT FOUND THAT OFFICER PRESSLEY'S SPEECH TO SCHOOL ADMINISTRATORS AND TEACHERS REGARDING GANG MEMBERS IS A GOVERNMENTAL FUNCTION.
 III. THE TRIAL COURT ERRED WHEN IT CONCLUDED AS A MATTER OF LAW THAT DEFENDANT-APPELLEE PRESSLEY'S CONDUCT DID NOT RISE TO THE LEVEL OF BEING MALICIOUS, IN BAD FAITH, OR WANTON AND RECKLESS.
 Standard of Review
Summary judgment motions are to be resolved in accord with Civ.R. 56(C). Civ. R. 56(C) states, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law * * *. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429 citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
 I.
In their first assignment of error, appellants allege the trial court erred when it granted summary judgment in favor of appellees on the basis of R.C. 2744.02 because appellants claims allege violations of the right to privacy guaranteed by the U.S. Constitution. Appellants also maintain R.C. 2744.09 specifically exempts claims based upon violations of the federal Constitution from the general immunity granted by R.C. 2744.02. We disagree.
Under R.C. 2744.02(A)(1), the City enjoys general immunity from civil liability:
 * * * Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
An exception to this general rule is provided in R.C.2744.09(E) which states:
 (E) Civil claims based upon alleged violations of the constitution or statutes of the United States, except that the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions.
Appellants' claim does allege violations of the right to privacy guaranteed under the Constitution of the United States, and therefore, it was improper to grant summary judgment under R.C. 2744. However, this error was harmless because we do not find that appellants have a viable claim on the basis of invasion of Fourteenth Amendment rights.
In order to make a claim that Cutts' civil rights were violated, appellants must prove that Pressley's actions met two criteria: (1) they were committed under the color of law; and (2) the conduct deprived Cutts of a federally protected right. SeeCity of Los Angeles v. Heller, (1986), 475 U.S. 796.
It is undisputed that Officer Pressley was acting under the color of law. The only question remaining is whether he violated Appellants Constitutional right to privacy. The standard of review to be applied to this question is defined by the federally guaranteed right of privacy. In an analogous case discussed by the Ohio Supreme Court in Stone v. Stow (1992), 64 Ohio St.3d 156, the United States Supreme Court held that no Section 1983 claim existed when a police officer released a photograph of an individual who had been arrested for shoplifting. Paul v. Davis
(1976), 424 U.S. 693. In Davis, the U.S. Supreme Court emphasized that the right to privacy was limited to rights which are "fundamental or implicit in the concept of ordered liberty". Id.
Accordingly, we find that recopying a picture from a high school yearbook is not the sort of "fundamental right or liberty implicit in the concept of ordered liberty" which the right of privacy is designed to protect. Consequently, the trial court's error in granting summary judgment was harmless. Appellant could not succeed, as a matter of law, in action for invasion of Cutts' federally guaranteed rights.
Appellants' first assignment of error is overruled.
 II.
In their second assignment of error, appellants contend the trial court erred when it found that Officer Pressley's presentation to school teachers and administrators regarding gang membership was not a "governmental function". We disagree.
Appellants contend that Officer Pressley's presentation was a "proprietary action" under R.C. 2744.01(C)(1) and thus, it was improper to grant Officer Pressley immunity under the immunity statute. R.C. 2744.01(C)(1) provides:
 (C)(1) "Governmental function" means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:
 (a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
 (b) A function that is for the common good of all citizens of the state;
 (c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.
 (2) A "governmental function" includes, but is not limited to, the following:
 (a) The provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection;
 (b) The power to preserve the peace; to prevent and suppress riots, disturbances, and disorderly assemblages; to prevent, mitigate, and clean up releases of oil and hazardous and extremely hazardous substances as defined in section 3750.01 of the Revised Code; and to protect persons and property;
 (c) The provision of a system of public education;(d) The provision of a free public library system;
We agree with the trial court and find that Officer Pressley was performing a "governmental function" when he instructed the administrators and teachers at Souers and Crenshaw High Schools about gang activity. Officer Pressley's presentation was part of his duties as the Gang Coordinator for the Canton Police Department and thus, part of the provision of police services described in R.C. 2744.01(C)(2)(a). In addition, we find Officer Pressley's presentation served to promote the public peace and welfare. R.C. 2744.01(C)(1)(c). Appellant did not provide any evidence that non-governmental entities customarily engage in presentations about gang activity at schools. Therefore, we find Officer Pressley's presentation to be a governmental activity under R.C. 2744.01(C)(1)(c). This conclusion is bolstered by language contained in R.C. 2744.01(G)(1), which specifically defines "proprietary functions" as excluding duties described in R.C. 2744.01(C). R.C. 2744.01(G)(1) states, in pertinent part:
 (G)(1) "Proprietary function" means a function of a political subdivision that is specified in division (G)(2) of this section or that satisfies both of the following:
 (a) The function is not one described in division (C)(1)(a)or (b) of this section and is not one specified in division (C)(2) of this section;
 (b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons.
(Emphasis added).
Since Pressley's actions fall under R.C. 2744.01(C)(2)(a) and R.C. 2744.01(C)(1)(c), they cannot be considered "proprietary functions" under the terms of R.C. 2744.01(G)(1)(a) as a matter of law.
Accordingly, appellants' second assignment of error is overruled.
 IV.
In appellants' third assignment of error, they state the trial court erred when it concluded that Pressley's conduct did not rise to the level of being malicious, in bad faith, wanton, or reckless. Appellants argue that under R.C. 2744.03(A)(6)(c), summary judgment against appellant was inappropriate because there is a factual dispute concerning whether Officer Pressley's actions rise to the level required by R.C. 2744.02(b) for liability.
R.C. Chapter 2744 provides a means for determining the availability of sovereign immunity to political subdivisions. R.C. 2744.02(A)(1) provides that a political subdivision and its employees are generally not liable for injury, death or loss to persons or property incurred in connection with the performance of a "governmental" or "proprietary" function of that political subdivision. This provision is generally referred to as the "blanket immunity" provision.
R.C. 2744.03(A)(6) lists three exceptions to the blanket immunity provision described above. The subsection relevant herein is R.C. 2744.03(A)(6)(b), which provides:
 (6) In addition to any immunity or defense referred to in division (A) (7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:
* * *
 (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.
(Emphasis added.)
Having found that Officer Pressley in the instant case is alleged to have caused an injury while performing a governmental function, supra, appellees are initially provided sovereign immunity under the blanket immunity provision noted supra. They lose their immunity only if the allegations set forth by appellants demonstrate that Officer Pressley acted maliciously, in bad faith, or in a wanton or reckless manner.
Whether conduct is wilful, reckless, or wanton is generally a question of fact. See Farby v. McDonald Police Dept. (1994),70 Ohio St.3d 351, 356; People v. Wiloughby (1990), 70 Ohio App.3d 848,850; Reynolds v. Oakwood (1987), 38 Ohio App.3d 125, 127. "The term `willful and wanton misconduct' connotes behavior demonstrating a deliberate or reckless disregard for the safety of others." Moore at 708.
 "Wanton misconduct" comprehends an entire absence of all care for the safety of others and an indifference to consequences. * * * It implies a failure to exercise any care towards those to whom a duty of care is owing when the probability that harm will result from such failure is great, and such probability is known to the actor. It is not necessary that an injury be intended or that there be any ill will on the part of the actor toward the person injured as a result of such conduct. * * * Wanton misconduct is positive in nature while mere negligence is naturally negative in character.
 * * * "Wilful misconduct" is something more than negligence. "Wilful misconduct" imports a more positive mental condition prompting an act than does the term "wanton misconduct." "Wilful misconduct" implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury. * * * The word "wilful," used in the phrase, "wilful misconduct," implies intent, but the intention relates to the misconduct and not merely to the fact that some specific act, such as operating an automobile, was intentionally done. * * * The intention relates to the commission of wrongful conduct, independent of the intent to use certain means with which to carry out such conduct.
 In order that one may be guilty of "wilful misconduct," an actual intention to injure need to be shown. * * * Peoples at 851. (Citation omitted.)
Pursuant to Civ.R. 56, summary judgment is appropriate on the issue of whether Officer Pressley's actions were wanton or reckless if reasonable minds could only conclude that his actions did not rise to the level of wanton or reckless conduct.
After reviewing the facts of this case, we conclude that it would be impossible for reasonable minds to conclude, based upon the facts presented, that Officer Pressley's actions were of a character which can be characterized as reckless or wanton. Officer Pressley did not evidence a complete lack of care in reference to Cutts. Rather, he took great pains to indicate that he had no reason to believe that Cutts was involved in gang activity.
Furthermore, the possibility that harm would result from the inclusion of Cutts' picture in the handout was not great enough to label Pressley's conduct as reckless or wanton. Pressley provided a handout which did not indicate Cutts was involved in gang activity to a small audience of teachers and administrators, whom he personally informed the persons pictured in his hand out were not gang members. Further, Officer Pressley did not authorize any further publication or distribution of the yearbook photographs. Since his audience was comprised of professional educators, he had no reason to suspect they would republish or distribute the pictures to the public. The probability that harm would result from this act is insufficient to brand it as wanton or reckless.
Accordingly, appellants' third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By: Wise, J., Reader, J., concurs.
Hoffman, P. J., concurs separately.