{¶ 22} Because I believe that Myrick alleged sufficient facts to withstand the high legal standard for granting a motion to dismiss under Civ. R. 12(B)(6), I respectfully dissent.
 {¶ 23} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural in nature and tests the sufficiency of the complaint.[16] "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party."[17] For a trial court to dismiss a complaint under Civ. R. 12(B)(6), it must appear beyond all doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.[18]
 {¶ 24} Here, the issue was whether Myrick had adequately alleged that the city and its employees had acted in a wanton and reckless manner. In reviewing her allegations, I keep in mind that the issue of wanton and reckless behavior is usually a jury question.[19] "[B]ecause the line between [wanton and reckless] misconduct and *Page 11 
ordinary negligence is sometimes a fine one depending on the particular facts of a case, it is generally recognized that such issue is for the jury to decide."[20]
 {¶ 25} Here, at the heart of Myrick's claim, was her assertion that the 911 dispatcher should have directed the police to where the "emergency" was happening instead of requiring Myrick to go back to her apartment to get police assistance. In her complaint, Myrick alleged that she had told the 911 dispatcher that (1) her husband had verbally threatened to harm the child; (2) that her husband was either intoxicated or mentally ill; (3) that her husband did not have legal custody of the child; and (4) that she, in a car driven by her neighbor, was following her husband and child as they walked on foot in a specified location. These allegations, if proved to be true, may have indicated that the 911 dispatcher had been reckless in conditioning police assistance on Myrick returning to her apartment, when Myrick had otherwise given the dispatcher the current location of herself, her husband, and her child. Although Myrick alleged that the second 911 dispatcher told her that she could pull her car over and speak to police, Myrick also alleged that the same 911 dispatcher then told her she needed to return to her apartment to receive police assistance. The complaint does not allege that she was given a choice about what to do, but, instead, as Myrick alleged, the import of the dispatcher's communication was that Myrick needed to return to her apartment for police assistance.
 {¶ 26} Because I believe that the allegations in Myrick's complaint were sufficient to invoke the exception to immunity for the city and its employees, I would hold that the complaint should have withstood a motion to dismiss. Accordingly, I would affirm the trial court's judgment.
[16] State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378.
[17] Bryd v. Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.
[18] O'Brien, supra.
[19] Fabrey, supra, at 356.
[20] Reynolds v. Oakwood (1987), 38 Ohio App.3d 125, 127,189 N.E.2d 127. *Page 1