OPINION
{¶ 1} This case arises from an automobile accident involving a police cruiser owned by the City of Moraine and a privately owned vehicle. The Defendants moved for summary judgment citing governmental immunity. The trial court granted the motion and the Plaintiff appeals. We reverse the trial court's grant of summary judgment and remand for further proceedings.
{¶ 2} The preliminary facts are not in dispute. At approximately 7:15 a.m. on June 15, 2001, Moraine Police Officer Jonathan Spencer responded to an alarm at a local drug store. He engaged the emergency lights on his City of Moraine police cruiser and traveled southbound on State Route 741. The Plaintiff, Judith Fitzpatrick, approached the intersection of State Route 741 and Dixie Drive from the west, on Dixie Drive. Each party's view of the other's vehicle was obstructed by a tractor-trailer and a Winnebago that were stopped in the left turn lane of eastbound Dixie Drive.
{¶ 3} Here, the stories diverge. Fitzpatrick testified, via deposition, that she saw the stopped traffic but proceeded through the intersection in the through lane of eastbound Dixie Drive. She said that she did not see the emergency lights or hear any audible signal from Officer Spencer's cruiser until she entered the intersection and the collision occurred.
{¶ 4} Officer Spencer testified, also via deposition, that as he approached the intersection he sounded the air horn on his cruiser several times, slowed down considerably, and made two brief stops. He testified that after determining that all traffic had halted, he pulled to the left and slowly went around vehicles stopped in the left-hand lane. Officer Spencer further testified that he stopped in the middle of the intersection and sounded his air horn again before proceeding through the intersection.
{¶ 5} Eyewitnesses provided conflicting statements about Officer Spencer's actions. Several witnesses stated that they heard Officer Spencer's air horn as he proceeded through the intersection. Three witnesses stated that they observed Officer Spencer slow down as he proceeded through the intersection. However, two witnesses stated that she did not hear the air horn at all, and one of those never saw Officer Spencer stop or slow down. In any event, Officer Spencer's and Fitzpatrick's vehicles collided, and both were seriously injured.
{¶ 6} On March 5, 2002, Fitzpatrick and her husband commenced an action for personal injuries against Officer Spencer and the City of Moraine Police Department in the court of common pleas. The complaint asserts, in part, that Officer Spencer recklessly entered the intersection causing Ms. Fitzpatrick's injuries. On June 13, 2003, Ms. Fitzpatrick amended her complaint to include the city of Moraine as well as its police department. On June 20, 2003, Officer Spencer and the city of Moraine filed a joint Motion for Summary Judgment.
{¶ 7} On July 30, 2003, the trial court granted the motion for summary judgment. It held that the city of Moraine was entitled to immunity under R.C. 2744.03, finding that Fitzpatrick "cannot set forth specific facts showing a genuine issue for trial; as such [Officer Spencer] is therefore, (sic) entitled to judgment as a matter of law; and reasonable minds can come to but one conclusion, and that conclusion is adverse to [Fitzpatrick]." Fitzpatrick filed a timely appeal on August 19, 2003.
 FIRST ASSIGNMENT OF ERROR
{¶ 8} "The trial court erred in granting summary judgment to defendants by finding that they are entitled to immunity under the highly disputed facts of this case"
{¶ 9} Before summary judgment may be granted, the trial court must find that: (1) No genuine issue of material fact remains to be litigated; (2) The moving party is entitled to judgment as a matter of law; and (3) Reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion of summary judgment is made. Civ.R. 56; Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The movant bears the burden of showing that no genuine issue of material fact exists. Harless, 54 Ohio St.2d at 66. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992),63 Ohio St.3d 326, 587 N.E.2d 825.
{¶ 10} Moraine is a political subdivision of the State of Ohio. R.C. 2744.01(F). Determining whether a political subdivision is immune from liability is a three step process. Shalkhauser v.Medina (2002), 148 Ohio App.3d 41, 46, 2002-Ohio-222, citingCater v. Cleveland (1998), 83 Ohio St. 24, 28. The starting point is the general rule that the subdivision is immune from tort liability for any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. R.C.2744.02(A)(1). In the second step, any immunity which that section grants may be abrogated by one of the five exceptions listed in R.C. 2744.02(B). Finally, if immunity is lost to an exception, the political subdivision may assert one of the statutory defenses to liability. Shalkhauser,148 Ohio App.3d at 46.
{¶ 11} Provision of police services by a political subdivision is a governmental function. R.C. 2744.01(C)(2)(a). The only applicable exception to Moraine's resulting statutory immunity on this record arises from R.C. 2744.02(B)(1), which states: "[P]olitical subdivisions are liable for injury . . . to persons . . . caused by the negligent operation of any motor vehicle by their employees . . . when the employees are engaged within the scope of their employment and authority." It is undisputed that Officer Spencer was so engaged when the collision occurred. The City of Moraine may nevertheless establish a defense to such liability if Spencer was "responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct." R.C. 2744.02(B)(1)(a).
{¶ 12} Officer Spencer is likewise immune, unless "[h]is acts or omissions were with malicious purpose, in bad faith, or in a wanton and reckless manner." R.C. 2744.03(A)(6).
{¶ 13} An emergency call is defined as "a call to duty, including . . . police dispatches . . . [to] inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A). Here, there is no dispute that Officer Spencer was responding to a triggered alarm system. Therefore, he was engaged in an emergency call, which is a governmental function creating a presumption of immunity for both him and Moraine.
{¶ 14} Assimilating the forgoing provisions, summary judgment on the issue of immunity was proper if reasonable minds could only conclude that Officer Spencer's operation of his patrol car did not constitute willful or wanton misconduct, recklessness, or a malicious purpose or bad faith on his part. Shalkhauser, at 47. Plaintiff relies on willful or wanton misconduct and/or recklessness.
{¶ 15} Under Ohio law an individual is reckless if he commits "an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." Thompson v. O'Neil (1990),53 Ohio St.3d 102, 104-105.
{¶ 16} The duty of care for the operator of an emergency vehicle proceeding through an intersection against a traffic signal, codified in R.C. 4511.03, is that he/she must "slow down as necessary for safety to traffic" and "proceed cautiously past such signal with due regard for the safety of all persons using the street or highway." Parton v. Weilnau (1959),169 Ohio St. 145, 157. Each case must be reviewed under the totality of the circumstances. Reynolds v. Oakwood (2nd Dist. 1987),38 Ohio App.3d 125. The issue, then, is whether reasonable minds could only find that the facts fail to show the levels of misconduct required in relation to the statutory duty imposed.
{¶ 17} While most courts emphasize the speed of the vehicle, its acceleration/deceleration, the condition of the intersection, and the use of emergency lights/siren as significant facts, case law demonstrates a strong preference for juries to determine whether the facts of a particular case satisfy R.C. 4511.03. InParton, the Supreme Court held that a police officer did not satisfy his duty of care under R.C. 4511.03 when his cruiser collided with a passenger vehicle while traveling through an otherwise deserted intersection at 40 mph, with siren and emergency lights on, at 1:00 am.
{¶ 18} In Reynolds, a police officer accelerated through a red light and struck Reynolds' vehicle. This court reversed a directed verdict and held that the mere exercise of any care in that case using emergency lights and siren, does not preclude a finding of recklessness and that the jury must determine if officer's conduct was reckless.
{¶ 19} In Peoples v. Willoughby (1990), 70 Ohio App.3d 848, a police cruiser skidded 64 feet before impacting plaintiff's vehicle. The cruiser was traveling at approximately 40 mph in a 25 mph zone and the plaintiff claimed that she could not hear the siren or see the lights due to a hedge at the corner of the intersection. The Eleventh District sustained the jury's verdict and held that what is or isn't reckless conduct is an issue of fact for the jury to determine.
{¶ 20} By contrast, in Harris v. Kennedy (1996),116 Ohio App.3d 687, an ambulance driver skidded across snowy/icy pavement and struck plaintiff's vehicle after using his brakes to decelerate from 10 to 5 mph. The Eighth District held that a mere failure to use emergency lights and siren does not indicate absence of care or recklessness and affirmed the grant of summary judgment.
{¶ 21} The trial court necessarily granted summary judgment by adopting a version of the facts where Officer Spencer took the action he said he took to protect the safety of persons in the intersection, coupled with a finding that reasonable minds could only conclude that his conduct was not willful or wanton misconduct or reckless. As we held in Reynolds, simply taking some action is not enough to justify a grant of summary judgment. That resolution is also improper when the evidence differs as to what action was taken, as it does here. A jury may well find that the action Officer Spencer took, whatever that was, was sufficient. However, given the conflicting testimony, reasonable minds could disagree whether Officer Spencer's actions were reckless or wanton in relation to the duty imposed by R.C.4511.03, and the issue is one properly determined by a jury.
{¶ 22} The first assignment of error is sustained and the trial court's grant of summary judgment is reversed.
 SECOND ASSIGNMENT OF ERROR
{¶ 23} "R.C. 2744 IS UNCONSTITUTIONAL"
{¶ 24} The error assigned is rendered moot by our disposition of the first assignment of error. Therefore, per App. R. 12(A)(1)(c), we decline to rule on the second assignment of error.
{¶ 25} The judgment of the trial court is reversed. The case is remanded for further proceedings on Plaintiff-Appellant's claims for relief.
Fain, P.J., and Young, J., concur.