DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Carter, appeals his conviction out of the Akron Municipal Court. This Court affirms.
 I. {¶ 2} On October 16, 2004, appellant was charged with one count of disorderly conduct in violation of R.C. 2917.11(B)(1), a minor misdemeanor. Appellant entered a plea of not guilty, and the matter proceeded to bench trial on November 22, 2004. At the conclusion of trial, the court found appellant guilty of disorderly conduct. The trial court sentenced appellant, imposing a $50.00 fine and court costs and ordering appellant to complete a drug and alcohol assessment through Summit Link and follow all recommendations. Appellant timely appeals his conviction, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE JUDGMENT OF THE TRIAL COURT WAS NOT SUPPORTED BY THE EVIDENCE, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE FEDERAL AND STATE CONSTITUTION[S]."
 {¶ 3} As a preliminary matter, this Court notes that appellee, City of Akron, moved for an extension of time in which to file its brief. This Court granted the extension of time until May 3, 2005. The City filed its brief on May 4, 2005. Accordingly, this Court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 4} Appellant argues that his conviction is against the manifest weight of the evidence, because his comments did not constitute "fighting words." This Court disagrees.
 {¶ 5} Appellant was arrested in the parking lot of a bowling alley at approximately 10:15 p.m. on October 16, 2004 based on a charge of disorderly conduct. The arresting officer, Officer Robert Scherer of the Springfield Township Police Department, testified that he was on patrol through the parking lot when he heard appellant yelling very loudly. Officer Scherer testified that appellant was standing in the parking lot, yelling, "F*** you, f*** you, f*** you." The officer continued that appellant's friend told appellant to calm down and that the police were there. Despite his friend's attempt to calm him down, appellant remained agitated. Brett Shultz, appellant's friend in the parking lot, admitted that he informed appellant that the police were in the vicinity.
 {¶ 6} Both Officer Scherer and Mr. Shultz testified that appellant responded to Shultz's report that the police were there by yelling, "F*** the police." Officer Scherer then exited his police cruiser and informed appellant that he was under arrest for disorderly conduct.
 {¶ 7} Officer Scherer testified that there were a lot of bowling alley patrons coming and going during appellant's two-minute incident in the parking lot. Mr. Shultz testified that there may have been some other patrons near the bowling alley door at the time. All witnesses agreed that appellant was standing in the parking lot, while he made his profane statements in a loud voice.
 {¶ 8} Appellant stipulated that he was inebriated at the time of the incident in the parking lot.
"In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, paragraph one of the syllabus. This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. Id. Further, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Hoehn, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶ 37, quoting State v. Roberts
(Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 9} Appellant was convicted of disorderly conduct in violation of R.C. 2917.11(B)(1), which states:
"No person, while voluntarily intoxicated, shall * * * [i]n a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others[.]"
 {¶ 10} There is no dispute that appellant was intoxicated, that he was in a public place and that he was in the presence of at least two persons during the incident. Appellant stipulated to his intoxication. Appellant was standing outside in a bowling alley parking lot, while other patrons were coming and going. Further, appellant made his loud, profane statements in the presence of Officer Scherer and Mr. Shultz. The issue is whether appellant's exclamations of "f*** you" and "f*** the police" constituted conduct likely to be offensive to persons of ordinary sensibilities.
 {¶ 11} Appellant argues that, unless appellant's statements constituted "fighting words," mere profanity is not sufficient to support a conviction under R.C. 2917.11. In support of this proposition, appellant relies on two cases which are inapposite to the issue before this Court. Appellant cites Toledo v. Grince (1989), 48 Ohio App.3d 126, and State v. Hoffman (1979), 57 Ohio St.2d 129, in support of his proposition that his statements were not "fighting words" and were, therefore, constitutionally protected speech which could not support a conviction for disorderly conduct. Hoffman addresses a conviction for disorderly conduct pursuant to R.C. 2917.11(A)(2), while Grince addresses a conviction for disorderly conduct pursuant to Section 509.03(a)(2) of the Municipal Code of the City of Toledo, a provision analogous to R.C.2917.11(A)(2).[1] Because R.C. 2917.11(A) regulates speech, while R.C.2917.11(B) regulates conduct, appellant's argument is misplaced.
 {¶ 12} It was appellant's conduct, and not the content of his speech, which resulted in his conviction. See, State v. Semler (1993),90 Ohio App.3d 369. This Court has previously upheld a conviction pursuant to R.C. 2917.11(B)(1), where the evidence of the defendant's conduct indicated that he was "loud, very antagonistic, used profanity, and was offensive." State v. Butler (1989), 63 Ohio App.3d 157, 161. In this case, the trial court found that appellant was yelling profanities in a public area, where bowling alley patrons were coming and going. The trial court found that appellant's conduct, specifically his yelling of profanities in a busy parking lot, would likely be offensive to a reasonable person. This Court agrees. Appellant's conduct here in yelling "f*** you" and "f*** the police" in a bowling alley parking lot while patrons came and went, coupled with his friend's inability to calm him down and stop his yelling, if believed, would permit a rational trier of fact to find that the essential elements of the crime of disorderly conduct had been proved beyond a reasonable doubt. See, Semler,90 Ohio App.3d at 372.
 {¶ 13} Under these circumstances, this Court finds that appellant's conviction was supported by both the sufficiency and manifest weight of the evidence and not violative of his constitutional rights. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN PERMITTING THE INTRODUCTION OF EVIDENCE OF APPELLANT'S CONDUCT AFTER THE ARREST HAD ALREADY OCCURRED."
 {¶ 14} Appellant argues that the trial court erred by failing to exclude, on the basis of lack of relevancy, evidence of appellant's conduct after Officer Scherer placed appellant under arrest for disorderly conduct. This Court disagrees.
 {¶ 15} The decision whether to admit or exclude evidence lies in the sound discretion of the trial court. State v. Brown, 9th Dist. No. 04CA008510, 2005-Ohio-2141, at ¶ 4. This Court, therefore, reviews the trial court's decision regarding the admission or exclusion of evidence under an abuse of discretion standard of review. State v. Arnott, 9th Dist. No. 21989, 2005-Ohio-3, at ¶ 35. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 16} In this case, the trial court admitted evidence of appellant's conduct after Officer Scherer placed appellant under arrest. Because appellant was charged with disorderly conduct based on his actions prior to his arrest, evidence of his conduct after arrest was not relevant to the matter before the trial court. Evid.R. 402 states that "[e]vidence which is not relevant is not admissible." Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 17} It is clear from the trial court's recitation of reasons for finding appellant guilty that the court did not rely on the evidence of appellant's conduct after his arrest in making that finding. Specifically, in support of her finding that appellant was guilty, the trial court found that appellant's pre-arrest yelling of obscenities would be offensive to a reasonable person. This Court finds that any admission of evidence regarding appellant's conduct after his arrest was harmless error. Appellant was not prejudiced by the admission of such evidence. Appellant's second assignment of error is overruled.
 III. {¶ 18} Appellant's assignments of error are overruled. Appellant's conviction for disorderly conduct out of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Batchelder, J. concurs
[1] R.C. 2917.11(A)(2) states that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [m]aking unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person[.]" Grince, 48 Ohio App.3d at 127 quotes Toledo Municipal Code 509.03(a)(2) as stating that "[n]o person shall recklessly cause inconvenience, annoyance or alarm to another, by * * * [m]aking unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person, which by its very utterance or usage inflicts injury or tends to incite immediate breach of the peace."