OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of the Estate of Charles T. Doudican, filed April 7, 2005, by Dan A. Neer, Executor. Mr. Doudican was killed in an automobile accident on December 2, 2002, after his car was struck by a car driven by David Dieckman. At the time of the accident, Mr. Dieckman was heading south on Marshall Road, in Kettering, Ohio, on his way to check on an employment application he had submitted to Talegators restaurant. Mr. Dieckman noticed a car following closely behind him, and he swerved to the right to get out of its way, losing control of his car. Mr. Dieckman left the roadway and drove onto the property of Robert W. Taylor, striking his mailbox, and then returned to Marshall Road, hitting Mr. Doudican in the northbound lane of traffic on Marshall Road. The trial court granted summary judgment in favor of Appellees the Board of Trustees of Washington Township ("the township") and Mr. Taylor. At issue between the parties was the location of a pile of leaves collected by Mr. Taylor from his yard. The Estate argued that the leaves were in the street and a nuisance, and that they caused Mr. Dieckman to lose control of his car and strike Mr. Doudican. The township and Mr. Taylor argued that the leaves were in the grassy area between the street and the sidewalk, on Mr. Taylor's property, and that Mr. Dieckman was trespassing when he drove through them.
 {¶ 2} The trial court determined that the leaves were not in the street, and that, even if they were in the street, they were not a nuisance. Further, the court determined that the township was statutorily immune from any liability. Finally, the court found that Mr. Dieckman was trespassing when he entered Mr. Taylor's property, and accordingly, no liability attached to Mr. Taylor for Mr. Dieckman's actions.
 I {¶ 3} The Estate's first assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO WASHINGTON TOWNSHIP, INSOFAR AS REASONABLE MINDS COULD DIFFER UPON THE EVIDENCE REVIEWED BY THE COURT, AND AS A MATTER OF LAW"
 {¶ 5} "We review summary judgment decisions de novo, which means `we apply the standards used by the trial court.' (internal citations omitted) Summary judgment is appropriately granted where the trial court finds: `(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.'" Scholz v. Revco Discount Drug Center Inc., Montgomery App. No. 20825, 2005-Ohio-5916.
 {¶ 6} The estate argues that the township is not entitled to the immunity conferred by R.C. 2744 because the township created a nuisance with leaves that entered Marshall Road as a result of the township's leaf collection program, pursuant to which Mr. Taylor raked his leaves to the edge of the street for collection.
 {¶ 7} Analysis of a statutory immunity defense is three-part. "The starting point is the general rule that the subdivision is immune from tort liability for any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. R.C.2744.02(A)(1). In the second step, any immunity which that section grants may be abrogated by one of the five exceptions listed in R.C. 2744.02(B). Finally, if immunity is lost to an exception, the political subdivision may assert one of the statutory defenses to liability." Fitzpatrick v. Spencer,
Montgomery App. No. 20067, 2004-Ohio-1940.
 {¶ 8} The exception to immunity upon which the Estate relies provides that "political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aquaducts, viaducts, or other public grounds within the political subdivision open, in repair, and free from nuisance * * *." R.C. 2744.02(B)(3). "In Ohio, a nuisance that `renders the regularly traveled portions of a highway unsafe for the usual and ordinary course of travel can be a nuisance for which a political subdivision may be liable.'" Ramby v. Ping (April 13, 1994), Greene App. No. 93-CA-52. "Ohio law * * * appears to continue to prohibit recovery for damages proximately caused by the maintenance of an unreasonably dangerous off-roadway condition rendering unusual and non-ordinary travel off of the roadway unsafe." Id.
 {¶ 9} We agree with the trial court that there was no evidence that Mr. Dieckman hit the pile of leaves before leaving Marshall Road and entering Mr. Taylor's property, and that "unsupported opposing argument" to the contrary is insufficient to withstand summary judgment. Mr. Dieckman testified that he did not recall the presence of leaves in the roadway. Dorenda Seifert, the driver of the car behind Mr. Dieckman, stated in her Affidavit that, after Mr. Dieckman's car "went over the curb, it went over a pile of leaves and then hit a mailbox," and that the "leaves that the SUV went over were not in the roadway, but were on the grass next to the curb." Mr. Taylor testified that he placed the leaves on his lawn. He stated that, upon his return from work on the date of the accident, the leaves appeared to have been pushed and scattered into the street.
 {¶ 10} The Estate relied on the depositions of Richard Dieckman, Katie Dieckman, and Jim Sousa. Each witness testified regarding the sequence of events of the accident, not based on their personal knowledge, but as related to them by the hearsay statements of Mr. Dieckman. Finally, the Estate provided a photograph of the scene of the accident, taken after the accident, which showed leaves in the street, but which did not establish their presence there before the accident occurred. Reasonable minds could only conclude that the leaves were not in the street at the time of the accident, and that the township's leaf collection program did not render the regularly traveled portion of Marshall Road unsafe for the normal course of travel. Since the evidence established that the township did not create a nuisance justifying abrogation of the benefit of immunity, the Estate's first assignment of error is overruled. The trial court's grant of summary judgment in favor of the township is affirmed.
 II {¶ 11} The Estate's second assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO RONALD W. TAYLOR, INSOFAR AS REASONABLE MINDS COULD DIFFER UPON THE EVIDENCE REVIEWED BY THE COURT, AND AS A MATTER OF LAW"
 {¶ 13} The Estate argues that Mr. Taylor acted negligently in allowing his leaves to enter the street, and Mr. Taylor argues that he owed no duty of care to Mr. Dieckman, who was trespassing on his property when he hit the leaves.
 {¶ 14} For the reasons set forth above, reasonable minds can only conclude that the leaves Mr. Taylor collected were not in the street when Mr. Dieckman drove through them.
 {¶ 15} Instead, Mr. Dieckman drove through the leaves while on Mr. Taylor's property. A person who enters upon the land of another is either an invitee, a licensee, or a trespasser. Combsv. Baker, Butler App. No. CA2001-01-020, 2001-Ohio-8650. "A trespasser is one who enters onto property without invitation or permission." Id. "`The determining fact is the presence or absence of a privilege to enter or to remain on the land, and the status of an accidental trespasser is still that of a trespasser." Id. A property owner owes no duty of care to a trespasser except to "refrain from willful or wanton conduct which is likely to injure the * * * trespasser." Id. (internal citations omitted).
 {¶ 16} We agree with the trial court that Mr. Dieckman had no privilege to enter Mr. Taylor's property, making him a trespasser when he did so. Mr. Taylor's placing of the leaves near the curb for pickup was not willful or wanton conduct likely to injure a trespasser. Accordingly, the trial court's decision granting summary judgment to Mr. Taylor is affirmed, and the Estate's second assignment of error is overruled.
 III {¶ 17} The Estate's third assignment of error is as follows:
 {¶ 18} "THE TRIAL COURT ERRED IN FAILING TO CONSIDER EVIDENCE IN THE FORM OF EVIDENTIARY MATERIAL CONSISTING OF A CERTIFIED POLICE REPORT WHICH WAS SUBMITTED IN RESPONSE TO THE MOTIONS FOR SUMMARY JUDGMENT"
 {¶ 19} The Estate submitted to the trial court a police report in response to the township's and Mr. Taylor's Motions for Summary Judgment, and the trial court excluded it, in a separate decision, because it was not properly authenticated pursuant to Civ.R. 56, because the statements within it consisted of hearsay, and because the statements within it were not admissible as prior inconsistent statements under Evid.R. 613.
 {¶ 20} The Estate did not include the decision excluding the police report in its Notice of Appeal, stating only that it appeals the grants of summary judgment in favor of the township and Mr. Taylor. The Estate argues in its brief that the police report is an official record that is admissible under the hearsay exception in Evid.R. 803(8).
 {¶ 21} Competent summary judgment evidence is evidence which is admissible at trial. "The decision whether to admit or exclude evidence lies in the sound discretion of the trial court." Statev. Carter, Summit App. No. 22444, 2005-Ohio-4362. We review the trial court's decision regarding the admission or exclusion of evidence under an abuse of discretion standard of review. Id. "An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." Id. (internal citations omitted.) "An abuse of discretion demonstrates `perversity of will, passion, prejudice, partiality, or moral delinquency.'" Id. We may not substitute our judgment for that of the trial court. Id.
 {¶ 22} "`A police report constitutes a `public record' for evidentiary purposes. Evid.R.803(8). Portions of a police report which contain `matters observed pursuant to a duty imposed by law as to which matters there was a duty to report' are admissible in evidence. (citations omitted.) The observations must be either the firsthand observations of the official making the report or those of one with a duty to report to a public official." Muncyv. American Select Ins. Co. (1998), 129 Ohio App.3d 1,716 N.E.2d 1171.
 {¶ 23} We agree with the trial court that Evid.R. 803(8) does not apply to the police report. The police officers' statements in the police report are drawn from the officers' investigation subsequent to the accident and not from their firsthand observations of the accident. The Estate has not established that the witnesses who offered their statements at the accident scene had a duty to report them to a public official. The judgment of the trial court excluding the police report is affirmed, and the Estate's third assignment of error is overruled.
Wolff, J. and Fain, J., concur.