OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Jeffrey Scott Smith, filed December 2, 2004. Appellant was convicted of one misdemeanor count of sexual imposition upon his 12 year old step-daughter, A.H.A.H. initially told her friend, Shelby Pearson, that Appellant touched her inappropriately, rubbing his hand against her vagina after she climbed into her mother's and Appellant's bed on Christmas morning, 2003. Shelby told her mother of the accusation, and Shelby's mother contacted A.H.'s mother. After speaking with A.H., A.H.'s mother contacted the police. A.H. relayed the same story to the responding officer, as well as the detective assigned to investigate the alleged incident. A.H. repeated the story to other girls, and to her therapist, Dr. Linda Ott, and to the prosecutor. At the initial trial of this matter, on August 18, 2004, A.H. testified that Appellant touched her inappropriately. Following a mistrial, a second trial was held on December 1, 2004. At the second trial, A.H. denied that any inappropriate contact had occurred. A.H. testified that she invented the allegations because she was seeking attention from her mother. Appellant denied touching A.H. inappropriately.
 {¶ 2} Appellant asserts five Assignments of error on appeal that present evidentiary issues. "The decision whether to admit or exclude evidence lies in the sound discretion of the trial court." State v. Carter, Summit App. No. 22444, 2005-Ohio-4362. We review the trial court's decision regarding the admission or exclusion of evidence under an abuse of discretion standard of review. Id. "An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." Id. (Internal citations omitted.) "An abuse of discretion demonstrates `perversity of will, passion, prejudice, partiality, or moral delinquency.'" Id. We may not substitute our judgment for that of the trial court. Id.
 I {¶ 3} Appellant's first assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT ERRED IN ALLOWING THE STATE TO IMPEACH ITS OWN WITNESS WITHOUT FIRST HAVING ESTABLISHED THE ELEMENT OF SURPRISE"
 {¶ 5} Evid. R. 607(A) provides that "[t]he credibility of a witness may be attacked by any party, except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage."
 {¶ 6} On direct, the State asked A.H. if she told Shelby, other girls, her mother, the police, the prosecutor and her therapist that Appellant touched her inappropriately, and A.H. testified that she did so accuse Appellant. On cross-examination, Appellant asked A.H. if it was true that Appellant touched her inappropriately, and A.H. said it was not true. On redirect, the State confronted A.H. with evidence of the prior statements concerning which she had testified in her direct testimony.
 {¶ 7} The evidence the State introduced on re-direct was not inconsistent with evidence the State elicited from A.H. on direct. Rather, the re-direct evidence was consistent with her direct evidence testimony, offered not to impeach her direct evidence testimony but to rehabilitate her credibility after Defendant's cross-examination. Any inconsistencies it exposed were with her cross-examination testi