OPINION
{¶ 1} Melissa Whitaker is appealing from orders of the Montgomery County Area Two District Court that she contends improperly extended, and later revoked, her community control sanctions. She contends that the trial court erred by extending her original period of community control without providing her notice thereof. She further contends that, with regard to the revocation, the trial court violated her due process rights by failing to hold a preliminary hearing on the revocation, failing to provide her notice of two of the reasons for the revocation request, and for failing to make written or oral findings setting forth the basis of the trial court's decision to revoke her probation.
 {¶ 2} We conclude that the trial court erred by failing to make factual findings with regard to its decision to revoke the community control sanctions. We further conclude that, given the trial court's failure to make findings, we cannot determine whether Whitaker's due process right to notice of violation was violated or whether the revocation is supported by the evidence. Accordingly, the order of the trial court revoking Whitaker's community control sanctions is Reversed, and this cause is Remanded for further proceedings consistent with this opinion, which would include factual findings appropriate to the action proposed to be taken by the trial court.
 I {¶ 3} In July of 2003, a Domestic Violence complaint was filed against Whitaker for acts of abuse committed against her sister in case 2003-CRB-1079. Whitaker pled guilty to the offense and was fined and sentenced to ninety days in jail. That sentence was suspended, and she was placed on "probation" for a period of one year, to end on September 15, 2004. As part of her probation, Whitaker was ordered to attend an "Alternatives to Violence" program, submit to routine drug screens, and have no future violations.
 {¶ 4} In December of 2003, another Domestic Violence complaint was filed against Whitaker, in case number 2003-CRB-2049. The victim in this case was Whitaker's grandmother. Whitaker pled guilty to the second offense, and was fined and sentenced to one hundred and thirty days in jail. The sentence was again suspended, and Whitaker was placed on community control for a period of one year, to end on January 26, 2005. The terms of the community control sanction were the same as the terms of probation in the prior case.
 {¶ 5} In September of 2004, Whitaker's probation officer filed a motion seeking an "extension of probation" in both cases. The motion was granted, and the trial court entered an "extension of probation" order extending the community sanctions in both cases by a period of one year. On January 13, 2005, the probation officer filed a request for termination of probation, on the grounds that Whitaker had failed to comply with the terms set forth at sentencing. A notice of revocation and an arrest warrant were issued by the trial court. A revocation hearing was held, following which the trial court entered an order "terminating probation," and ordering Whitaker to serve one hundred and thirty days in jail. From this order, Whitaker appeals.
 II {¶ 6} Whitaker asserts the following as her First Assignment of Error:
 {¶ 7} "THE PROBATION REVOCATION PROCEEDINGS VIOLATED APPELLANT'S DUE PROCESS RIGHTS PROTECTED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 8} Whitaker raises two distinct issues in this Assignment of Error. First, she contends that the trial court improperly extended her original community control periods. Second, she claims that the trial court violated her Due Process rights with regard to the subsequent revocation of her community control. Specifically, she contends that the trial court erred by failing to hold a preliminary hearing on the revocation issue and by failing to make findings of fact in support of the revocation. She further contends that she was not provided proper notice of two of the reasons raised by the State as grounds for revocation, and that the trial court improperly relied upon those reasons in revoking her probation.
 {¶ 9} We begin by noting that both Whitaker and the trial court refer to the sanctions imposed, interchangeably, as probation and community control. However, in 1995, community control sanctions replaced probation as a possible sentence under Ohio's sentencing law. See, Am.Sub.S.B. No. 2. A community control sanction is any sanction that is not a prison term, and is described in 2929.26 through 2929.28 of the Revised Code. R.C.2929.01(F). A sanction is defined as any penalty imposed upon an offender who is convicted of, or pleads guilty to, an offense, as punishment for the offense. R.C. 2929.01(EE).
 {¶ 10} "Although probation and community control sanctions are similar in their operational effect, probation was an `expression of leniency in place of a deserved prison sentence' while community control sanctions are imposed as `the sentence that is deserved and which the court has deemed to be most reasonably calculated to protect the public from future crime.'"State v. Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750, ¶ 6, citing, Griffin Katz, Ohio Felony Sentencing Law (2003 ed.) 682-683, § 6:1. "Most of the case law examining probation revocations is equally applicable to the revocation of community control sanctions." Id.
 {¶ 11} R.C. 2929.25 governs the imposition of community control, and provides that when sentencing an offender for a misdemeanor the trial court may impose one or more community sanctions as it considers appropriate. However, the duration of the community control sanctions imposed may not exceed five years. R.C. 2929.25(A)2).
 {¶ 12} When an offender violates the terms of her community control, the trial court may "impose a longer time under the same community control sanction [not to exceed five years]"; "impose a more restrictive community control"; or "impose a definite jail term." R.C. 2929.25(C)(2). "The right to continue on community control depends on compliance with community control conditions and `is a matter resting within the sound discretion of the court.'" State v. Schlecht, Champaign App. No. 2003-CA-3,2003-Ohio-5336, at ¶ 7, quoting State v. Johnson (May 25, 2001), Montgomery App. No. 17420. "An alleged violator of community control conditions is entitled to due process." Statev. Blakeman, Montgomery App. No. 18983, ¶¶ 2-4.
 {¶ 13} We turn first to the claim that the trial court improperly extended the period of community control. Whitaker's argument in this regard in based upon her claim that she was provided neither notice of, nor a hearing on, the request for extension.
 {¶ 14} The record reveals that Whitaker was not notified of the request for an extension of her period of community control. No hearing was held on the request, and it is not clear whether Whitaker was actually notified that the request was granted.
 {¶ 15} When confronted with this exact situation, the Eighth District Court of Appeals has held that a "sua sponte extension of a probationer's period of [community control] without the [defendant's] knowledge or written acknowledgment of unsatisfactory compliance with the conditions of [community control]" is inappropriate, and an "attempted extension of the period of [community control in this manner] is ineffective."State v. Flekel, Cuyahoga App. Nos. 80337 and 80338, 2002-Ohio-2963, ¶ 26. We agree, and conclude that the trial court's order purporting to extend both of Whitaker's periods of community control was ineffective.
 {¶ 16} Next, Whitaker claims that she was denied her due process rights with regard to the revocation of her community control sanctions. We agree.
 {¶ 17} In this connection, we need not discuss the due process issue with regard to case number 03-CRB-1079. We note that the original period of community control had expired prior to the motion seeking termination of the sanctions. Since no action was taken to institute or prosecute a violation hearing during the period of community control, the court had no jurisdiction to impose sentence. State v. Simpson (1981),2 Ohio App.3d 40, 42.
 {¶ 18} This court has noted that to satisfy due process requirements in a revocation hearing there must be "written notice of the claimed violations of [community control]" and "a written statement by the factfinder as to the evidence relied on and reasons for revoking [community control]." State v.Armstrong (April 14, 2000), Montgomery App. No. 17843.
 {¶ 19} With regard to case number 2003-CRB-2049, we note that Whitaker is correct in her claim that the State failed to provide her with notice of some of the alleged community control violations that the State asserted at the hearing. Specifically, in the notice of violation, the State alleged that Whitaker had failed to provide her address, failed to report on two separate dates, failed to provide verification that she took a drug and alcohol assessment, and failed to pay her fines and costs. At the revocation hearing, the State made the additional claims, not covered within its notice, that Whitaker had submitted to a urinalysis that tested positive for marijuana, and that she refused to submit to a subsequent urinalysis. Whitaker interposed an objection to the introduction of the matters not raised in the revocation notice.
 {¶ 20} If the trial court based its decision to revoke Whitaker's community control sanctions solely upon the reasons encompassed within the revocation notification, then the State's failure to have provided Whitaker with notice of the other violations asserted at the hearing would be harmless. But if the trial court based its decision in part upon the two violations not encompassed within the notice, then Whitaker was prejudiced by the failure to have received notice of these violations, and the error was preserved by her objection upon this ground, made at the hearing.
 {¶ 21} Because the trial court failed to make either written or oral findings with regard to its decision to revoke the community control sanctions and impose jail time, we cannot determine whether the failure to have provided Whitaker with the notice required by due process was harmless. In order to find a violation of a constitutional right, in a criminal case, to have been harmless, a reviewing court must find that the record demonstrates harmlessness beyond reasonable doubt. See, State v.Smith, Montgomery App. No. 20828, 2006-Ohio-45, ¶ 38; State v.Diaz, Cuyahoga App. No. 81857, 2004-Ohio-3954, ¶¶ 37-38. The record in this case does not permit a finding, beyond reasonable doubt, that the violation of Whitaker's due process right to notice of her alleged violations was harmless.
 {¶ 22} We find no merit to Whitaker's claim that she was denied her due process rights when the trial court failed to conduct a preliminary hearing. Whitaker did not request a preliminary hearing, nor did she object when the trial court failed to conduct one. The purpose of a preliminary hearing is to prevent an individual from "being incarcerated unjustly pending a final determination as to whether [community control] should be revoked * * * * since * * * * there is typically a substantial time lag between the arrest and the eventual [revocation] determination." State v. Delany (1984), 11 Ohio St. 3d 231,233. "By waiting until the final revocation hearing to protest the state's failure to afford [her] a probable cause hearing, [Whitaker] waived [her] right to a hearing on whether [her] incarceration was with probable cause." Id.
 {¶ 23} We conclude that the trial court erred by extending the terms of the community control sanctions because it failed to provide her with a notice or hearing prior thereto. We further conclude, that with regard to case number 2003-CRB-2049, the trial court erred by failing to provide Whitaker with notice of violations of her community control sanctions alleged by the State at the revocation hearing.
 {¶ 24} Whitaker's First Assignment of Error is sustained.
 III {¶ 25} The Second Assignment of Error is as follows:
 {¶ 26} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED APPELLANT'S PROBATION."
 {¶ 27} In view of our disposition of Whitaker's First Assignment of Error, we overrule her Second Assignment of Error as moot.
 IV {¶ 28} Whitaker's First Assignment of Error having been sustained, the order of the trial court revoking Whitaker's community control sanctions and sentencing her to jail is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan, and Valen, JJ., concur.
(Hon. Anthony Valen, Retired from the Twelfth Appellate District, Sitting by assignment of the Chief Justice of the Supreme Court of Ohio).