OPINION
{¶ 1} Defendant-appellant Dillard R. Bocock appeals his conviction and sentence for one count of aggravated menacing, in violation of R.C. § 2903.21, a first degree misdemeanor.
 {¶ 2} On October 3, 2007, Bocock was charged by complaint with one count of aggravated menacing. At his arraignment on the same day, Bocock pled not guilty to the charge *Page 2 
against him.
 {¶ 3} Following a bench trial on October 16, 2007, the trial court found Bocock guilty of aggravated menacing. The trial court sentenced Bocock to 60 days in jail and gave him jail time credit for the 15 days he already served.[1] Bocock filed a timely notice of appeal with this Court on October 26, 2007.
 I {¶ 4} The incident that forms the basis for Bocock's arrest and subsequent conviction occurred on October 2, 2007, when Bocock arrived at an apartment complex on East Third Street in Dayton, Ohio. The apartment complex consisted of four units, two upstairs and two downstairs.
 {¶ 5} Richard Puckett, the complaining witness, testified that Bocock had been informed in the past that he was not allowed on the property. Puckett testified that he immediately asked Bocock to leave, but Bocock ignored him and went to one of the upstairs apartments to visit a friend who was currently residing there. According to the testimony of Puckett, his wife, Angela, and another female who lived at the complex, Bocock came back downstairs after about an hour. Puckett again asked Bocock to leave, but Bocock refused. Puckett testified that Bocock then threatened his life and threw a knife at him. Upon witnessing these events, Angela called the police. Before the police arrived, Bocock went back upstairs to his friend's apartment. *Page 3 
 {¶ 6} Dayton Police Officer Thomas Schloss testified that when he arrived at the scene, Puckett informed him that Bocock had gone back upstairs to his friend's apartment. Officer Schloss testified that he recovered a knife from the area Bocock had thrown it during the altercation. Officer Schloss further testified that when he went upstairs and knocked on the door, Bocock came to the door with a knife sharpening tool in his hand. After a brief discussion, Officer Schloss arrested Bocock on the charge of aggravated menacing and took him into custody.
 {¶ 7} After a bench trial, the court found Bocock guilty of aggravated menacing and sentenced him accordingly. It is from this judgment that Bocock now appeals.
 II {¶ 8} Bocock's first assignment of error is as follows:
 {¶ 9} "APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 10} In his first assignment, Bocock contends that he received ineffective assistance of counsel at the trial level. In support of this assertion, Bocock argues that his counsel was deficient for failing to make a reasonable investigation into the merits of the case. Specifically, Bocock asserts that his counsel failed to properly investigate and subpoena any of the potential witnesses he identified who would testify on his behalf at trial.
 {¶ 11} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant's Sixth Amendment rights were *Page 4 
violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, citing State v. Lytle (1976),48 Ohio St.2d 391, 396-397, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135.
 {¶ 12} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id.
 {¶ 13} In order to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 {¶ 14} At the bench trial in this matter, the State presented its entire case-in-chief which consisted of the testimony of Puckett, his wife, and their neighbor who witnessed the altercation. It was not until the close of the State's case that Bocock informed his attorney that he did not *Page 5 
understand that his case was going to be tried that day. Bocock stated that if he had known that his trial was scheduled for October 16, 2007, he would have informed his counsel about the potential witnesses who would have testified on his behalf. After Bocock supplied him with the names and addresses of the alleged witnesses, defense counsel requested a continuance of the trial court for additional time in which to locate and interview the individuals regarding their knowledge of the events leading to Bocock's arrest. Defense counsel also mentioned to the court that he had spoken with Bocock and his wife prior to the day of trial in order to gather information concerning the incident in preparation for trial, but Bocock had not informed him of any potential witnesses.
 {¶ 15} The trial court overruled the motion for a continuance finding that Bocock had received actual notice that his case was set for trial in a time-stamped entry filed on October 3, 2007. Moreover, the trial court held that Bocock's motion for continuance was untimely since the State had already presented its case-in-chief. Next, defense counsel called Bocock to testify in his own defense. Bocock was the only defense witness to be called. Bocock contends that had defense counsel performed a reasonable investigation of his case, the identity of the potential witnesses would have been revealed in time for them to be interviewed regarding the case.
 {¶ 16} "Normally, an attorney's failure to subpoena witnesses [is] within the realm of trial tactics and, absent a showing of prejudice, [is] not deemed a denial of effective assistance of counsel, State v.Hunt (1984), 20 Ohio App.3d 310, and especially in the absence of any showing that the testimony of such a suggested witness would have assisted the defense. State v. Reese (1982), 8 Ohio App.3d 202."State v. Maxwell (October 7, 1993), Montgomery App. *Page 6 
No. 13966.
 {¶ 17} Initially, it should be noted that Bocock did not provide the trial court or this Court with the names of the potential witnesses, nor has he stated what, if any, exculpatory testimony the alleged witnesses would offer. Moreover, defense counsel informed the trial court when he requested the continuance at the close of the State's case that he had interviewed Bocock and his wife prior to trial regarding the events which occurred at the apartment complex. It is only logical to conclude that if Bocock possessed information regarding potential witnesses who could provide exculpatory evidence, he would have informed his counsel of this fact when they spoke prior to trial. Moreover, without any evidence regarding what testimony the potential witnesses might offer, Bocock has failed to demonstrate that but for the alleged failure of counsel to properly investigate his case, the actual outcome of the trial would have been different. Other than pure conjecture, Bocock has failed to establish that his counsel's performance was deficient in any way.
 {¶ 18} Bocock's first assignment of error is overruled.
 III {¶ 19} Bocock's second and final assignment of error is as follows:
 {¶ 20} "THE TRIAL COURT ERRED IN FAILING TO GRANT A CONTINUANCE TO PERMIT WITNESSES TO BE SUBPOENAED ON APPELLANT'S BEHALF, AND FAILED TO QUESTION COUNSEL AND APPELLANT CONCERNING THE REASONS APPELLANT'S WITNESSES WERE NOT PRESENT, RESULTING IN AN UNFAIR TRIAL AND A LACK OF DUE PROCESS."
 {¶ 21} In his final assignment, Bocock contends that the trial court erred when it *Page 7 
overruled the request for continuance without properly questioning him and defense counsel concerning the basis for the continuance. Bocock argues that the trial court had an obligation to discern the reason that the potential witnesses had not been subpoenaed prior to trial. In light of the trial court's alleged omission in this regard, Bocock asserts that he was denied due process.
 {¶ 22} The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial court. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Maxwell, Montgomery App. No. 13966, citing State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. "An abuse of discretion connotes more than an error in judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." State v. Carter, Summit App. No. 22444,2005-Ohio-4362. We may not substitute our judgment for that of the trial court. Id.
 {¶ 23} In Maxwell, we set out the following general guidelines a trial court should consider in evaluating a motion for a continuance: "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which give [sic] rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. [Citations omitted.]"
 {¶ 24} As previously mentioned, Bocock waited until the close of the State's case to inform his attorney that he was aware of three potential witnesses who would present testimony favorable to his case. Bocock argued that he did not understand that he was going to trial on the scheduled day, and for this reason, he did not tell his attorney about the alleged witnesses in the *Page 8 
days preceding the trial. However, the court found that Bocock was given actual notice of the date that the trial was scheduled. Moreover, defense counsel informed the court that he had spoken with Bocock and his wife at some length prior to trial in order to prepare a defense, and Bocock did not provide him the names of any defense witnesses. Based on these facts, the trial court overruled Bocock's motion for a continuance.
 {¶ 25} After a thorough review of the record, we find that the trial court did not abuse its discretion when it overruled Bocock's request for a continuance. In light of the timing of Bocock's motion for a continuance, i.e. after the close of the State's case, the court could reasonably find the request both dilatory and contrived. Defense counsel stated on the record that he had spoken with Bocock prior to trial in preparation for trial, and Bocock had not mentioned anything about three witnesses who could possibly aid in his defense. More importantly, Bocock did not attempt to proffer any information with respect to the identities of the witnesses or what they would have testified to had the continuance been granted. Thus, the record reflects that Bocock was entirely responsible for the circumstances which gave rise to the untimely request for a continuance.
 {¶ 26} Bocock's final assignment of error is overruled.
 IV {¶ 27} All of Bocock's assignments of error having been overruled, his conviction and sentence are affirmed.
WOLFF, P.J. and GRADY, J., concur.
Copies mailed to:
Hon. Dennis J. Greaney
[1] On November 1, 2007, Bocock filed a motion for stay of execution of sentence pending the outcome of his appeal. The trial court sustained the motion on the same day it was filed, but Bocock was not released from jail until November 26, 2007, having served 56 days of his 60 day sentence. *Page 1