[Cite as *State v. Steele*, 2010-Ohio-5410.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 3-10-15

    v.

MATTHEW STEELE,                  **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 08-CR-0033

Judgment Affirmed

Date of Decision: November 8, 2010

APPEARANCES:

    *Shane M. Leuthold* for Appellant

    *Clifford J. Murphy* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Matthew Steele ("Steele") brings this appeal from the judgment of the Court of Common Pleas of Crawford County revoking his community control and sentencing him to prison for violation of his community control sanctions. For the reasons set forth below, the judgment is affirmed.

{¶2} On June 29, 2009, Steele entered a negotiated plea of guilty to one count of illegal conveyance of drugs onto the grounds of a detention facility: a violation of R.C. 3719.011 and a third degree felony. The trial court, in accord with the agreement, sentenced Steele to three years of community control and reserved a prison sanction of five years for violation of community control. As part of the agreement and sentence, Steele was required to attend Crosswaeh CBCF for drug and alcohol treatment.

{¶3} On January 10, 2010, Steele appeared before the trial court for a hearing on violation of his community control sanctions. Steele had been terminated unsuccessfully from the Crosswaeh CBCF program for verbal aggression toward other residents. Steele admitted to this violation. The trial court continued community control for Steele, but amended the terms to require Steele to attend and successfully complete the VOA Halfway House program.

{¶4} While in the VOA Program, Steele was involved in a verbal altercation with another resident. Both men were terminated from the program. On February 18, 2010, the State filed a motion alleging Steele had again violated the terms of his community control and asking the trial court to revoke community control. A hearing was held on the motion on February 22, 2010. Steele denied the allegations in the motion. On April 26, 2010, a hearing on the alleged violations occurred. The trial court held that Steele had violated his community control conditions and revoked the sanctions. The trial court then ordered Steele to serve four years in prison. Steele appeals from this judgment and raises the following assignment of error.

> **The trial court abused its discretion by revoking [Steele's] community control and sentencing him to a four year prison sentence.**

{¶5} In his assignment of error, Steele alleges that the trial court's decision to revoke community control was unreasonable given the facts of the violation.

> **When an offender violates the terms of [his] community control, the trial court may "impose a longer time under the same community control sanction [not to exceed five years]"; "impose a more restrictive community control"; or "impose a definite jail term." R.C. 2929.25(C)(2). "The right to continue on community control depends on compliance with community control conditions and 'is a matter resting within the sound discretion of the court.'" *State v. Schlecht*, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, at ¶7, quoting *State v. Johnson* (May 25, 2001), Montgomery App. No. 17420.**

*State v. Whitaker*, 2d Dist. No. 21003, 21004, 2006-Ohio-998, ¶12. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Enterprises, Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

{¶6} In this case, Steele argues that since his dispute was with a man much larger than himself, it was excused. However, the trial court stated on the record its reasons for revoking community control.

> **Back when you entered your plea of guilty to what the court considers a serious charge[,] a felony of the third degree, you promised that you would complete the CBCF. A promise you didn't keep.**
>
> **This court trusted you one more time and sent you to the VOA and, once again, you have put your own ideas about how you should behave and what's acceptable ahead of the requirements of the facility and your community control.**
>
> **Therefore, I find you're no longer suitable – suitable for a community control supervision because you've demonstrated that you don't intend to play by any rules other than your own. So there's nothing that I can do for you at this level.**

Tr. 50. The trial court's conclusion was based upon testimony as to Steele's behavior at the VOA. In addition, Steele had been before the trial court in January of 2010 for a violation hearing when he was terminated from the first facility. Steele admitted to that violation. He was then transferred to VOA and less than one month later, was terminated from that program. Given this

evidence, the trial court's determination that Steele did not want to follow the rules of community control is supported by sound reasoning and the record. Thus, the trial court did not err in revoking Steele's community control sanctions and the assignment of error is overruled.

{¶7}   Having found no error prejudicial to the defendant, the judgment of the Court of Common Pleas of Crawford County is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J.,  concur.**

**/jlr**